UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Dawn Green,

    Plaintiff,

v.                                            Case No. 17-13030

City of Southfield, *et al.*,         Sean F. Cox
                                               United States District Court Judge

    Defendants.
_____/

## OPINION & ORDER
## GRANTING DEFENDANTS' MOTION TO DISMISS

This is the second federal case that attorney D. Rick Martin has filed on behalf of Plaintiff Dawn Green, following an automobile accident that occurred on October 4, 2012, in Southfield, Michigan. This second case is now before the Court on Defendants' Motion to Dismiss. After Plaintiff's Counsel failed to file a response to the motion within the time permitted for doing so, this Court issued an Order to Show Cause, requiring Plaintiff to show cause why the unopposed motion should not be granted. Plaintiff's Counsel then filed a response to the Show Cause Order, but did not analyze the primary issue raised in the motion – whether the six individual Defendants are entitled to qualified immunity. The Court finds that oral argument is not necessary. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. For the reasons set forth below, the Court shall GRANT the motion and dismiss this action because: 1) the § 1983 claims (Counts I & III) that Plaintiff seeks to bring in this second action are time-barred; 2) Defendants are entitled to qualified immunity because Plaintiff has utterly failed to meet her burden of demonstrating – on a defendant-by-defendant basis – that any

1

individual Defendant's alleged conduct constitutes a violation of Plaintiff's federal constitutional rights, much less that any such rights were clearly established; 3) Count II must be dismissed because without a viable constitutional claim against an individual Defendant, the City cannot be held liable; and 4) in Count IV Plaintiff alleges a conspiracy to violate Plaintiff's constitutional rights to equal protection and access to the courts, but because Plaintiff cannot establish either of the alleged constitutional violations, Plaintiff's conspiracy claims fail too.

## BACKGROUND

On October 4, 2012, Plaintiff Dawn Green was involved in an automobile accident in Southfield, Michigan. Thereafter, acting through counsel, D. Rick Martin, she filed two different federal lawsuits that arose out of that accident. Mr. Martin also represented Plaintiff in a 2013 state-court lawsuit against William Patterson, the driver of the other vehicle that was involved in the October 4, 2012 accident.

**Case No. 15-13479 ("*Green I*")**

*Just two days prior to filing suit in federal court*, on October 1, 2015, Plaintiff delivered a written complaint to the City of Southfield, wherein she complained about the way her October 4, 2012 automobile accident was handled. (*See* D.E. No. 196-3 at Pg ID 6567-68 in Case No. 15-13479; Pl.'s Compl. In Case No. 17-13030 at Pg ID 2)).

Acting through counsel, on October 3, 2015, Green filed suit against the City of Southfield, and six of its officers or employees: 1) Traffic Officer Keith Birberick; 2) Sgt. Brian Bassett; 3) Detective Mark Labrosse; 4) Chief Eric Hawkins; 5) Jeffrey Tinsman; and 6) Bryan Jarrell.[1]

---

[1]Green also asserted a breach of contract claim against Geico insurance in that case.

2

Plaintiff's Second Amended Complaint filed on May 5, 2016 (D.E. No. 48) was the last complaint permitted in that case. As explained in this Court's March 8, 2017 Order, despite its title, this was actually the *sixth* proposed complaint filed by Plaintiff in that action. (*See* D.E. No. 138 at Pg ID 3051). It asserted four counts against Defendants:

Count I titled "42 U.S.C. Section 1983 – Constitutional Deprivation" was asserted against individual Southfield Defendants, Birberick, Bassett, and Labrosse. In this count, Plaintiff alleged that the individual Defendants "are civilly liable to Plaintiff pursuant to the 42 U.S.C. 1983 for (a) failing to properly and fairly investigate the accident, because of Plaintiff's race and/or sex; (b) failing to administer police protective and investigative services in a nondiscriminatory manner, because of Plaintiff's race and/or sex; and (c) engaging in the selective enforcement of traffic laws, because of Plaintiff's race and/or sex." (D.E. No. 48 at Pg ID 882).

Count II was titled "42 U.S.C. Section 1983 – Constitutional Deprivation" (Count II), and it is a "*Monell* claim" asserted against the City of Southfield.

Count III was titled "Violation of 42 U.S.C. 1985(3) and 42 U.S.C. 1986" (Count III), and it is asserted against the Individual Southfield Defendants.

For the reasons set forth in a separate Opinion & Order, this Court granted summary judgment in favor of the Southfield Defendants in *Green I*.

**This Second Action ("*Green II*")**

Again acting through counsel, D. Rick Martin, Green filed a second action in this Court on September 14, 2017. Plaintiff's Counsel indicated that this action is a companion case to *Green I* when he filed the action. (*See* Docket Entry No. 1).

Plaintiff's September 14, 2017 Complaint is based upon the same October 4, 2012 automobile accident that formed the basis of *Green I*. (*See* Compl. at 3). This Complaint names the following Defendants: 1) the City of Southfield; 2) City Administrator Frederick Zorn; 3) City Attorney Sue Ward; 4) Southfield Police Chief Eric Hawkins; 5) Deputy Chief John Fitzgerald; 6) Sgt. Keith Louden; and 7) Officer Rafid Maya. It includes the following four counts.

Count I is titled "42 U.S.C. Section 1983 – Constitutional Deprivation – (As To Individual Defendants)" and in it Plaintiff alleges that:

> 82. Defendants are civilly liable to Plaintiff pursuant to the 42 U.S.C. 1983 for (a) failing to properly and fairly investigate the accident because of Plaintiff's race and/or sex; (b) failing to administer police protective and investigative services in a nondiscriminatory manner because of Plaintiff's race and/or sex; (c) engaging in the selective enforcement or traffic laws, because of Plaintiff's race and/or sex; (c) engaging in the selective enforcement of traffic laws, because of Plaintiff's race and/or sex; and (d) refusing to investigate Plaintiff's Citizen Complaint because of Plaintiff's race and/or sex.
> 83. Defendants showed deliberate indifference to (a) the UD 10 Traffic Crash Report which falsely stated that Plaintiff ran the red light; (b) the treatment of Plaintiff differently than the similarly situated white male driver; (c) the denial of Plaintiff's right to equal administration of police protective and investigative services; and (d) Plaintiff's Citizen Complaint, all because of Plaintiff's race and/or sex.

Count II is titled "42 Section 1983 – Constitutional Deprivation – (As To Defendant City of Southfield)" and in it Plaintiff alleges that the City of Southfield is liable for the alleged constitutional violations.

Count III is titled "Violation Of 42 U.S.C. 1985(3) and 42 U.S.C. 1986." In this count, Plaintiff alleges that the Southfield Defendants, "together with the nonparty white male driver and possibly unknown others" conspired to deprive Plaintiff of her right to equal protection

under the law. The complaint does not include any factual allegations as to how Patterson, the white driver was involved in the alleged conspiracy, or any overt acts committed by him.

Count IV is titled "Section 1983 Denial Of Right To Access The Courts" and it is asserted against Defendants Maya and Louden. (*See* Compl. at Pg ID 19). In this count, Plaintiff alleges that she was denied access to the Courts because the officers' alleged failure to properly investigate the accident caused Plaintiff to accept a settlement from the insurer of Patterson, the other driver involved in the accident.

On October 12, 2017, Defendants filed a Motion to Dismiss (D.E. No. 9) wherein they asserted that all of the claims in this action should be dismissed on multiple grounds – including qualified immunity.

On November 2, 2017, Plaintiff's Counsel filed a First Amended Complaint (D.E. No. 10), which Defendants moved to have stricken on November 15, 2017. But the parties resolved that dispute via a November 30, 2017 Stipulation and Order (D.E. No. 14) that provided:

> IT IS HEREBY STIPULATED by and between Plaintiff, Dawn Green, and all of the Defendants that Plaintiff's First Amended Complaint and Jury Demand (Dk. 10) is stricken from the record. Upon the entry of an order striking Plaintiff's Complaint and Jury Demand (Dk. 10), Plaintiff's Complaint and Jury Demand (Dk. 1) will be the controlling complaint in this litigation. Plaintiff may, at her choosing, move to amend Dk. 1 and/or add additional parties in accordance with the Federal Rules of Civil Procedure. Defendants are free to oppose any such motion Plaintiff makes to amend her complaint and/or add parties. After Plaintiff's First Amended Complaint and Jury Demand (Dk. 10) is stricken, Defendants shall file a notice withdrawing Defendant's Motion to Strike Plaintiff's First Amended Complaint.

(D.E. No. 14). As such, Plaintiff's September 14, 2017 Complaint is the operative complaint in this action. The stipulation and order did not address the pending Motion to Dismiss.

On November 9, 2017, this Court noticed Defendants' Motion to Dismiss to be heard by

the Court on March 1, 2018. (D.E. No. 11).

Plaintiff's response in opposition to Defendants' October 12, 2017 Motion to Dismiss was due on November 2, 2017. But Plaintiff's Counsel did not file any response in opposition to Defendants' pending Motion to Dismiss within the time permitted for doing so.

On December 15, 2017 – more than 30 days after his response brief was due and approximately two weeks after the parties' stipulation concerning Plaintiff's complaints – this Court issued an "Order To Show Cause" to Plaintiff's Counsel, directing him to show cause, in writing, no later than December 20, 2017, why Defendants' unopposed Motion to Dismiss should not be granted. (D.E. No. 16).

On December 20, 2017, Plaintiff's Counsel filed a response to the Court's show cause order. (D.E. No. 17).

## STANDARD OF DECISION

A 12(b)(6) motion evaluates the sufficiency of the complaint. However, as explained in *Greenberg*, a court evaluating a 12(b)(6) motion may consider certain matters outside of the pleadings, without converting the motion into a summary judgment motion, in some circumstances:

> Rule 12(b) of the Federal Rules of Civil Procedure provides that if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Under certain circumstances, however, a document that is not formally incorporated by reference or attached to a complaint may still be considered part of the pleadings. *See* 11 james Wm. Moore et al., Moore's Federal Practice § 56.30[4] (3d ed.1998). This occurs when "a document is referred to in the complaint and is central to the plaintiff's claim...." *Id.* In such event, "the defendant may submit an authentic copy to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary

6

judgment." *Id.; see, e.g., Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (considering pension plan documents that defendant attached to the motion to dismiss part of the pleadings because the documents were referred to in the complaint and were central to plaintiff's claim for benefits under the plan).

*Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999).

As a result, in deciding the pending Motion to Dismiss, this Court may consider public records from Plaintiff's other cases, and documents and letters referenced in Plaintiff's Complaint.

## ANALYSIS

In their pending Motion to Dismiss, Defendants assert that all of the claims asserted in this action must be dismissed for multiple reasons, including: 1) the case should be dismissed because Plaintiff has engaged in inappropriate claim splitting to circumvent the Court's prior determinations in *Green I*; 2) the individual Defendants are entitled to qualified immunity; 3) Plaintiff cannot establish liability on the part of the City because there are no viable constitutional claims against the individual Defendants, and because Plaintiff has not alleged that the City has any unconstitutional policies; 4) Plaintiff's § 1985 and § 1986 claims fail for lack of a constitutional violation and because persons within the same collective entity cannot conspire with each other; and 5) all of Plaintiff's claims in this action are barred by the applicable statutes of limitation. The Court agrees that this action must be dismissed but it need not reach all of those grounds.

**I.  The § 1983 Claims That Plaintiff Asserts In This Action Are Barred By The Applicable Three-Year Statute Of Limitation.**

"From the face of the complaint, it clearly appears that the Michigan three year statute of limitations," that applies to Plaintiff's § 1983 claims in this action, bars both Counts I (Plaintiff's failure to properly investigate the accident claim) and Count IV (Plaintiff's denial of access to

7

court claim).  *Hight v. City of Ferndlae*, 25 F. A'ppx 356 (6th Cir. 2002); *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988) ("Michigan's three year statute of limitations for personal injury claims governs § 1983 actions when the cause of action arises in Michigan."). A § 1983 cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of her action.  *Id.*

The accident at issue occurred on *October 4, 2012*, and the investigation at the scene occurred that same night.

In *Green I*, Plaintiff's Counsel filed a signed and notarized affidavit from Plaintiff that indicates that, *by October 11, 2012*, Plaintiff had obtained a copy of the copy of the UD 10 report that Plaintiff believes is inaccurate, that she had already become aware of the alleged eyewitness to the accident that was not interviewed by the officers (Douglas Harris), and that she had already contacted the Southfield Police Department to dispute the accuracy of the UD 10 report. (*See* D.E. No. 201 in *Green I*).

In *Green I,* Plaintiff also had a February 14, 2013 letter from Plaintiff's Counsel to Sgt. Bassett admitted as an exhibit and that letter discusses the alleged eyewitness Harris, references the alleged inaccurate investigation and police report, and asserts that as a direct result of the investigation/police report, Plaintiff is being hampered in her ability to obtain a settlement from Patterson's insurer. (D.E. No. 196-3 at Pg ID 6562-63).

Thus, by at least February 14, 2013, Plaintiff was well aware of her alleged injuries, and the basis for the § 1983 claims that she asserts in this action. Yet Plaintiff waited until September 14, 2017, to file this action. The § 1983 claims Plaintiff asserts in this action are time-barred.

8

**II. Plaintiff Has Failed To Meet Her Burden Of Demonstrating – On A Defendant-By-Defendant Basis, That The Alleged Conduct Of Any Of The Six Individual Defendants Constitutes A Violation Of Plaintiff's Federal Constitutional Rights, Much Less That Any Such Right Was "Clearly Established."**

Under the doctrine of qualified immunity, governmental officials, including police officers, are immune from civil liability unless, in the course of performing their discretionary functions, they violate the plaintiff's clearly established constitutional rights. *Jones v. Byrnes*, 585 F.3d 971, 974 (6th Cir. 2009); *Phillips v. Roane County*, 534 F.3d 531, 538 (6th Cir. 2008). Determining whether government officials are entitled to qualified immunity generally requires two inquiries: 1) whether, viewing the facts in the light most favorable to the plaintiff, the plaintiff has shown that a constitutional violation occurred; and 2) whether the right was "clearly established" at the time of the violation. *Harris v. City of Circleville,* 583 F.3d 356, 365 (6th Cir. 2009). The Court is free to consider those inquiries in whatever order it deems appropriate in the light of the issues presented. *Jones*, 534 F.3d at 975.

"[A] qualified immunity defense can be raised at various stages of the litigation including at the pleading stage in a motion to dismiss, after discovery in a motion for summary judgment, or as an affirmative defense at trial." *English v. Duke*, 23 F.3d 1086, 1089 (6th Cir. 1994). The Supreme Court, however, has reiterated that questions of qualified immunity should be resolved at the earliest possible stage in the litigation or the "'driving force' behind the immunity – avoiding unwarranted discovery and other litigation costs – will be defeated." *Everson v. Leis*, 556 F.3d 484, 492 (6th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. 223).

"Qualified immunity is an affirmative defense, and a defendant bears the burden of pleading it in the first instance." *T.S. v. Doe*, 742 F.3d 632, 635 (6th Cir. 2014). "Once the defendant raises a qualified-immunity defense, the burden shifts to the plaintiff to demonstrate"

9

both that the challenged conduct violated a constitutional right and that the right was clearly established. *Id.* "If the plaintiff fails to establish either element, the defendant is immune from suit." *Id.*; *see also Barber v. Miller*, 809 F.3d 840, 844 (6th Cir. 2015) ("Once a defendant invokes qualified immunity, the plaintiff bears the burden of showing that (1) the defendant's acts violated a constitutional right and (2) the right at issue was clearly established at the time of the defendants's alleged misconduct.").

Moreover, it is well established that when there is more than one individual defendant in a case, "[e]ach defendant's liability must be assessed individually based on his [or her] own actions." *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010).

Here, in *Green II*, Plaintiff asserts claims against the following six individual defendants, who are all sued in their individual capacity: 1) City Administrator Frederick Zorn; 2) City Attorney Sue Ward; 3) Southfield Police Chief Eric Hawkins; 4) Deputy Chief John Fitzgerald; 5) Sgt. Keith Louden; and 6) Officer Rafid Maya.

But Plaintiff failed to file a response brief in opposition to Defendants' Motion to Dismiss within the time permitted for doing so. Moreover, even after this Court issued an order to show cause why the unopposed motion should not be granted, *Plaintiff failed to analyze the primary issue raised in Defendants' motion – whether the individual Defendants are entitled to qualified immunity.* Thus, Plaintiff has utterly failed to meet her burden of demonstrating – on a defendant-by-defendant basis – that any individual Defendant's alleged conduct constitutes a violation of Plaintiff's federal constitutional rights, much less that any such rights were clearly established. *Barber*, 809 F.3d at 844; *Binay*, 601 F.3d at 650; *see also Campbell v. Hines,* 2013 WL 7899224 at *5 (6th Cir. 2013) (The "district court properly declined to address the merits of

[the plaintiff's] equal protection claim, because he failed to respond to the defendants' argument that they were entitled to qualified immunity.").

Moreover, even if this Court were to engage in an analysis of qualified immunity on its own, *despite that failure by Plaintiff's Counsel*, it appears that the individual Defendants would still be entitled to qualified immunity based upon the allegations contained in Plaintiff's complaint.

For example, to the extent that Plaintiff asserts a § 1983 claim based upon the officers' having failed to "properly investigate" the accident, such a claim fails as a matter of law. *See, e.g., Kelso v. City of Toledo*, 77 F. App'x 826, 833 (6th Cir. 2003) (noting that what the plaintiffs were alleging and seeking to prove amounted to "variations on a single theme: that the Toledo Police Department failed to investigate the case properly, and if they had done a better job," more favorable evidence would have been available to the plaintiffs at the time of their personal injury suit, and explaining that "laxity in investigation, without active concealment," does not amount to a constitutional violation.); *Flagg v. City of Detroit*, 447 F.Supp.2d 824, 829 (E.D. Mich. 2006) (noting that a § 1983 claim cannot be predicated upon an alleged failure of the police to properly conduct an investigation); *Jarrett v. Township of Bensalem*, 312 F. App'x 505 (3rd Cir. 2009) (affirming dismissal of § 1983 claim because the mere existence of an allegedly incorrect automobile-accident police report does not implicate constitutional rights). Simply stated, there is no constitutional right to an error-free investigation of an automobile accident by the police.

This action also involves claims against Defendants Zorn, Ward, Hawkins, and Fitzgerald based upon their alleged handling of Plaintiff's citizen complaint.

Plaintiff alleges that Zorn was the City Administrator for the City of Southfield. (Compl. at ¶ 3). Plaintiff sued Ward in her individual capacity and alleges that she was employed as city attorney for the City of Southfield. (Compl. at ¶ 6). Plaintiff sued Hawkins in his individual capacity and alleges that he was the Chief of the Southfield Police Department at all relevant times. (*Id*. at ¶ 4). Plaintiff sued Fitzgerald in his individual capacity and alleges that he was the Deputy Chief of the Southfield Police Department at all relevant times. (*Id*. at ¶ 5). The only other actual factual allegations that relate to these Defendants are as follows.

The automobile accident occurred on October 4, 2012, and Plaintiff filed *Green I* against the City of Southfield and several of its employees on October 3, 2015 – and that lawsuit involved the investigation of the accident.

Two days prior to filing *Green I*, Plaintiff alleges that she "personally hand-delivered a Citizen Complaint addressed to Defendant Hawkins and copied to Defendant Zorn," complaining about the investigation of her accident. (*Id*. at ¶ 59).

Plaintiff claims that "Defendants, City of Southfield and City Attorney Sue Ward deprived Plaintiff of her due process rights, by not permitting Plaintiff Citizen Complaint to be properly processed and investigated." (*Id*. at ¶ 10).

Plaintiff alleges that "Hawkins testified that he had his assistant Linda Williams, electronically file Plaintiff's Citizen Complaint and forward a copy to the City Attorney and his Deputy Chiefs." (*Id*. at ¶ 63). "Hawkins testified that he did not have Plaintiff's Citizen Complaint investigated because he was directed not to do so by City Attorney Ward." (*Id*. at ¶

12

64). Plaintiff alleges that neither Hawkins, Fitzgerald, Zorn, nor Ward "provided Plaintiff with a **<u>written response</u>**" to her October 1, 2015 Citizen Complaint. (*Id*. at ¶ 68-70) (emphasis in original).

Plaintiff alleges that Fitzgerald testified that "a normal investigation of Plaintiff's Citizen Complaint was never conducted." (*Id*. at ¶ 65). Plaintiff alleges that the various defendants testified that they did not discuss Plaintiff's Citizen Complaint. Plaintiff alleges that Defendants Hawkins, Fitzgerald, Zorn and Ward were "required to conduct a thorough, proper and unbiased investigation of Plaintiff's Citizen Complaint," and that they all failed to do so.

Thus, Plaintiff alleges that these individual Defendants violated her constitutional rights by not responding to her Citizen Complaint that was filed two days before she filed a federal lawsuit against the City of Southfield and its employees relating the accident investigation at issue in her Citizen Complaint.

In their Motion to Dismiss, Defendants contend they are entitled to qualified immunity as to this claim because "a police department is not constitutionally required to accept a citizen complaint, let alone respond to one:"

> Plaintiff's claim regarding the citizen complaint likewise fails. Neither the Constitution nor the laws of the United States requires a police department or police official to take a civilian complaint. *Jefferson v. Koenig*, 2016 WL 8711374 (E.D. N.Y. 2016), attached as Exhibit 9. In fact, the government is not required to respond to a petition from a citizen, nor act on it or adopt a citizen's view. *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999) (affirming the district court's sua sponte dismissal of a claim that the government did not answer the plaintiff's many letters or take the action requested in those letters), attached as Exhibit 10. Thus, there is no constitutional right to have a citizen complaint accepted or responded to, so Plaintiff's claim fails.

(Defs.' Br. at 13-14). Defendants' brief further notes that:

Plaintiff claims that her damages as a result of the so-called citizen complaint are

> an insufficient settlement in her litigation with Patterson. First, as mentioned
> above, she was not entitled to any insurance proceeds. *Jarrett, supra*. More
> importantly, the citizen complaint cannot have caused that because it was
> submitted ***after her litigation with Patterson was dismissed!***

(*Id.*). Thus, Defendants contend that Plaintiff fulfil the causation requirement for her § 1983 action against these individual Defendants.

The Court agrees that Plaintiff has not pleaded a viable constitutional claim against these individual Defendants based on the Citizen Complaint that Plaintiff submitted nearly simultaneously with the commencement of *Green I*. In addition, Plaintiff has not directed the Court to any case wherein a constitutional right to have an investigation and response from a police department, particularly one that has just been sued by the plaintiff over the very matter that is the subject of the complaint, has been recognized. Thus, Plaintiff has not met the clearly established prong either.

For all of these reasons, the Court concludes that the individual Defendants are entitled to qualified immunity.

### III. Without A Viable Constitutional Claim Against An Individual Defendant, The City Cannot Be Held Liable.

It is well-established that "[i]f no constitutional violation by the individual defendants is established, the municipal defendants cannot be held liable under § 1983." *Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (6th Cir. 2001).

### IV. Plaintiff's Conspiracy Count Fails Too.

Count III in this action, like Count III in *Green I*, asserts civil conspiracy claims against the individual Defendants under 42 U.S.C. § 1985(3) and § 1986.

To establish a civil conspiracy under § 1985(3), a plaintiff must show that: 1) two or

more persons conspired; 2) for the purpose of depriving the plaintiff of the equal protection of the laws due to racial or class-based animus and that the conspirators; 3) committed an act in furtherance of the object of such conspiracy; 4) that injured the claimant. *Maxwell v. Dodd*, 662 F.3d 418 (6th Cir. 2011).

Section 1986 "establishes a cause of action against anyone, who has knowledge of a conspiracy under § 1985, and 'having power to prevent or aid in preventing the commission of the same, neglects or refuses to do so." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005); 42 U.S.C. § 1985. "But '[w]here plaintiff has stated no cause of action under § 1985, no cause of action exists under § 1986." *Id.*

Defendants' Motion to Dismiss challenges Plaintiff's civil conspiracy claims. Among other things, Defendants' motion asserts that this counts fails for lack of a constitutional violation. (Defs.' Br. at 19). The Court agrees.

"Under both federal and Michigan law, civil conspiracy claims are derivative. They are cognizable only insofar as there is an underlying cognizable" claim for a constitutional violation. *Van Buren v. Crawford County*, 2017 WL 3479546 (E.D. Mich. 2017) (citing *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003)); *see also Wiley v. Oberlin Police Dept.*, 330 F. App'x 524, 530 (6th Cir. 2009) (explaining that, '[s]imiliar to the municipal liability claim, [the plaintiff] cannot succeed on a conspiracy claim because there was no underlying constitutional violation that injured her."); *Bauss v. Plymouth Twp.*, 233 F. App'x 490, 500 (6th Cir. 2007); *Thompson v. City of Memphis*, 86 F. App'x 96, 103 (6th Cir. 2004) (explaining that conspiracy claim under § 1985(3) depends on the plaintiff successfully establishing the alleged constitutional violation); *Umani v. Michigan Dept. of Corrections*, 432 F. App'x 453,462 (6th

15

Cir. 2011) (same).

Here, Plaintiff alleges a conspiracy by the individual Defendants and Patterson, to violate Plaintiff's constitutional rights to equal protection and access to the courts. Because Plaintiff cannot establish either of the alleged constitutional violations, Plaintiff's conspiracy claims fail too.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendants' Motion to Dismiss is GRANTED and this action is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

                                                     s/Sean F. Cox
                                                    Sean F. Cox
                                                   United States District Judge

Dated: March 7, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 7, 2018, by electronic and/or ordinary mail.

                                                   s/Jennifer McCoy
                                                   Case Manager